# COURT OF APPEALS
## DECISION
## DATED AND FILED

## September 17, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1139-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF131**

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

TYRONE F. BROWN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Portage County: THOMAS B. EAGON, Judge. *Affirmed*.

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Tyrone Brown appeals a circuit court judgment convicting him of disorderly conduct, false imprisonment, intimidating a victim, and felony and misdemeanor bail jumping. Brown argues that the circuit court erroneously exercised its discretion when the court denied his motion for a mistrial based on the prosecutor's improper use of other-acts evidence. We disagree and, therefore, we affirm the judgment of conviction.

*Background*

¶2 The charges against Brown arose out of an incident involving a victim named M.D. Brown and M.D. were previously in a relationship. According to the criminal complaint, Brown kicked M.D., then pulled her inside a residence and restrained her from leaving for a period of time. Additionally, Brown told M.D. that he would pay her $1,000 if she would agree not to tell police.

¶3 Prior to trial, the prosecutor moved to admit other-acts evidence of prior domestic abuse incidents that Brown had perpetrated against M.D. The circuit court determined that this evidence could be admitted for several permissible purposes, including intent, motive, and absence of mistake or accident.

¶4 At trial, during M.D.'s testimony, the prosecutor questioned M.D. regarding prior incidents, and asked M.D. whether it was fair to say that Brown was trying to control her in these instances. M.D. agreed that Brown was trying to control her and testified to instances in which Brown had taken her phone, thrown items, and pushed her into a wall. M.D. also testified about an incident in which Brown "kicked down the door to get at me and beat the crap out of me…. He put me in the hospital."

¶5      Brown objected, and moved for a mistrial.  Brown argued that the facts of the hospitalization incident were not presented in the prosecutor's motion to admit other-acts evidence and not included within the circuit court's ruling to admit such evidence.  The prosecutor disagreed, asserting that the incident corresponded to a circuit court case that had been identified in the prosecutor's motion.  Additionally, the prosecutor contended that the hospitalization incident was part of a series of acts showing that Brown had knowledge of his power and control over the victim, that there was no mistake or accident, and that Brown's purpose, motive, or intent was to intimidate or control M.D.  Brown responded that the prosecutor's references to power and control demonstrated that the prosecutor was seeking to use the other-acts evidence improperly to show that Brown had the character of a domestic abuser.

¶6      The circuit court determined that the facts of the hospitalization incident were not presented in the prosecutor's motion to admit other-acts evidence.  The court further determined that the prosecutor was not using the evidence for a permissible purpose but instead was using it to show that Brown was a violent person and, therefore, that he must have committed the crimes charged.  The court stated that the prosecutor was "basically saying that [Brown] is a bad guy, he is a violent guy, and that must be why he did it here, and that's inappropriate."  The court concluded, however, that the trial could proceed.  The court immediately struck M.D.'s testimony regarding the hospitalization incident and provided curative and limiting instructions to the jury, and the court later repeated the limiting instruction during closing instructions to the jury.

*Discussion*

¶7     Brown argues that the circuit court erroneously exercised its discretion when the court denied his motion for a mistrial. Brown states that he does not challenge the circuit court's initial decision to admit the other-acts evidence. Accordingly, we review only the circuit court's decision denying Brown's motion for a mistrial.

¶8     "The decision whether to grant a mistrial lies within the sound discretion of the [circuit] court." *State v. Sigarroa*, 2004 WI App 16, ¶24, 269 Wis. 2d 234, 674 N.W.2d 894 (2003). The circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶9     In exercising discretion to grant or deny a mistrial, "[t]he [circuit] court must determine, in light of the whole proceeding, whether the claimed error was sufficiently prejudicial to warrant a new trial." *Sigarroa*, 269 Wis. 2d 234, ¶24. "[N]ot all errors warrant a mistrial and 'the law prefers less drastic alternatives, if available and practical.'" *State v. Givens*, 217 Wis. 2d 180, 191, 580 N.W.2d 340 (Ct. App. 1998) (quoted source omitted).

¶10    Brown contends that the circuit court erroneously exercised its discretion because the court failed to determine in light of the whole proceeding whether the prosecutor's improper use of other-acts evidence was sufficiently prejudicial to warrant a new trial. Brown argues that the court made no determination on the record regarding prejudice, and instead simply stated that the court believed that the trial could proceed. Brown argues that the court did not

appear to base its decision on the facts of record, or to provide any justification supporting its decision. We are not persuaded.

¶11    First, we disagree with Brown that the circuit court failed to make the necessary determination as to prejudice. Although it did not expressly refer to "prejudice," we are satisfied that the court's decision demonstrates that the court determined that the prosecutor's improper use of other-acts evidence was not so prejudicial as to warrant a new trial. More specifically, the court's decision reflects an implicit determination that the trial could proceed because any prejudice to Brown would be sufficiently contained by striking M.D.'s testimony about the hospitalization incident and by providing curative and limiting instructions to the jury. The court in effect recognized that not all errors warrant a mistrial and that "'the law prefers less drastic alternatives, if available and practical.'" *See id.* (quoted source omitted).

¶12    Second, the circuit court provided the jury with both the curative and limiting instructions immediately. Those instructions informed the jury not only that it must disregard M.D.'s testimony regarding the hospitalization incident but also that it must not use the evidence to find that Brown acted in conformity with a character trait or that Brown was a bad person and therefore committed the crimes charged.[1] The promptness of these instructions weighs heavily in our conclusion

---

[1] The instructions stated:

> You have heard testimony with regard to other incidents between [M.D.] and the defendant.
>
> With regard to the most recent incident testified to … where [M.D.] testified that the defendant sent her to the hospital, the Court is going to strike that testimony. You are to disregard it entirely and not consider it in deliberating in this case.

(continued)

that the court reasonably exercised its discretion. *See State v. Adams*, 221 Wis. 2d 1, 17, 584 N.W.2d 695 (Ct. App. 1998) ("[A]ny prejudicial effect that might have flowed from the testimony was cured by the court's immediate instruction to the jury to disregard the testimony in its entirety."); *State v. Hagen*, 181 Wis. 2d 934, 949, 512 N.W.2d 180 (Ct. App. 1994) ("Given the trial court's swift and appropriate curative action, the presumption that the jury followed the court's curative instruction, and the court's own assessment of the offending conduct, we conclude that a new trial is not warranted in this case."); *see also Sigarroa*, 269 Wis. 2d 234, ¶24 ("Where the trial court gives the jury a curative instruction, this court may conclude that such instruction erased any possible prejudice, unless the record supports the conclusion that the jury disregarded the trial court's admonition."); *State v. Truax*, 151 Wis. 2d 354, 362, 444 N.W.2d 432 (Ct. App. 1989) ("We presume that the jury follows the instructions given to it.").

¶13    Third, the circuit court repeated the limiting instruction during closing instructions to the jury. Thus, the jury was repeatedly instructed on the

---

Evidence of other incidents ha[s] been presented. If you find that the conduct testified to did occur, you should consider it only with regard to certain issues, and that is motive, intent, absence of mistake or accident, or context or background in this case.

It is not to be considered as evidence to conclude that the defendant has a certain character or a certain character trait that the defendant acted in conformity with regard to the charged offenses that you need to determine today.

….

You may consider this other act evidence for the purposes I have described, giving it the weight you determine it deserves. It is not to be used to conclude that the defendant is a bad person and, for that reason, is guilty of the offense charged.

limited purposes for which it could consider the other-acts evidence, and it was specifically reminded that it must not use the evidence to find that Brown acted in conformity with a character trait or that Brown was a bad person and therefore committed the crimes charged.

¶14    In sum, we conclude that the circuit court reasonably exercised its discretion in denying Brown's motion for a mistrial.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).